IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAMONT MILBURN AND DEBORAH C.
MILBURN-LEE,

        Plaintiffs,

    v.

SN SERVICING, LLC, PARTNERS FOR
PAYMENT RELIEF DE IV, LLC,
CORINTHIAN MORTGAGE
CORPORATION DBA SOUTHBANC
MORTGAGE, DARREN J. DEVLIN, ESQ.,
AND DONNA DAVIS,

        Defendants.
_____

Case No. 6:20-cv-00107-MC

ORDER

MCSHANE, Judge:

    Plaintiffs Lamont Milburn and Deborah Milburn-Lee filed this action on January 17, 2020, alleging breach of contract and violations of the Oregon Trust Deeds Act ("OTDA"), ORS § 86.706 *et seq.*, Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Oregon Unlawful Debt Collection Practices Act, ORS § 649.639 *et seq.* Pls.' Compl. 1–2, ECF No. 1. On

1 – ORDER

January 22, 2020, Plaintiffs moved for a temporary restraining order enjoining Defendants from executing a foreclosure sale of their home. ECF No. 3. The sale is scheduled for February 3, 2020. Pls.' Mem., ECF No. 4, 1. Because Plaintiffs raise serious questions as to Defendants' right to foreclose and the balance of hardships tips sharply in Plaintiff's favor, Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 3) is GRANTED.

## BACKGROUND

Plaintiffs executed a Deed of Trust on September 27, 2007 as part of a second mortgage on their home at 435 Crona St., Junction City, Oregon 97448. Pls.' Compl. 3; *see* Sims Decl. Ex. B., ECF No. 5. The Deed of Trust names Plaintiffs as grantor and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender, Defendant Corinthian Mortgage Corporation DBA SouthBanc Mortgage ("Corinthian"). Sims Decl. Ex. B., at 1. Plaintiffs fell behind on their payments but argue that they maintained contact with the servicer and attempted to resolve the issue. Pls.' Compl. 3. Defendant SN Servicing, LLC ("SN Servicing") eventually became the servicer. *Id.*

On September 18, 2019, Defendant Darren Devlin, an attorney acting as trustee, filed a Notice of Default and Election to Sell. *Id.*; *see* Sims Decl. Ex. A. Mr. Devlin claimed to foreclose on behalf of Corinthian. Sims Decl. Ex. A, at 1. In a Debt Validation Notice dated September 12, 2019, however, Mr. Devlin claimed that Partners for Payment Relief DE IV LLC ("Payment") owned Plaintiffs' debt. Sims Decl. Ex. F., at 3. SN Servicing also claims that Payment is the beneficiary and lender. Pls.' Compl. 3. Plaintiffs allege that there is no record of an assignment to Payment or any other entity in the Lane County property records. *Id.* Additionally, Mr. Devlin sent a Trustee's Notice of Sale to Plaintiffs on September 12, 2019,

stating that Southbank FSB ("Southbank") is trustee and Old Republic Default Management Services ("Old Republic") would conduct the foreclosure sale. Sims Decl. Ex. F, at 1.

Plaintiffs allege that they attempted to resolve their mortgage issues but Defendants ignored their information requests. Pls.' Compl. 4. On November 5, 2019, Defendant Donna Davis, an agent for SN Servicing and Payment, issued a certificate of compliance naming Payment as lender and beneficiary. Sims Decl. Ex. C. Plaintiffs allege that Ms. Davis falsely claimed that Plaintiffs were non-responsive to resolution efforts. Pls.' Compl. 4. Plaintiffs also allege that they have no way of knowing who owns an interest in their property and that Defendants have violated Oregon's nonjudicial foreclosure laws. *Id.*; *see also* Pl.'s Mem. 3–5. Plaintiffs served SN Servicing and Mr. Devlin on January 25 and 27, 2020, respectively. Affidavits of Service, ECF Nos. 7 and 8. Defendants have not appeared in this action.

## STANDARDS

The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D. Ca. 1995). A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish such harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Alternatively, a plaintiff may obtain a preliminary injunction by demonstrating that "serious questions are raised and the balance of hardships tips sharply in [his] favor." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200–01 (9th Cir. 1980) (citation

3 – ORDER

omitted). "Serious questions" are those that cannot be resolved at a hearing and "to which the court perceives a need to preserve the status quo." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991) (citation omitted). "Serious questions" need not promise a certainty or probability of success but must involve a "fair chance of success on the merits." *Id.* (citation omitted). The court's decision on a motion for a preliminary injunction is not a ruling on the merits. *See Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

## DISCUSSION

Plaintiffs argue that Defendants may not proceed with nonjudicial foreclosure because they have violated various OTDA provisions, specifically ORS §§ 86.752(1)[1], 86.726, 86.736, and 86.748. Pls.' Mem 3–5.

ORS § 86.752(1) requires that, in order to non-judicially foreclose on a property to enforce a trust deed, "[t]he trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated." ORS § 86.752(1) does not, however, require assignments of a trust deed to be recorded when they result from informal transfer, such as via a promissory note. *Brandrup v. ReconTrust Co.*, 353 Or. 668, 696 (2013); *see also Roisland v. Flagstar Bank, FSB*, 989 F. Supp. 2d 1095, 1104 (D. Or. 2013). The Oregon Supreme Court reasoned that the statute assumes that an assignment is in recordable form, but a promissory note cannot serve that function because it generally lacks a description of the real property and does not transfer, encumber, or otherwise affect title and cannot be recorded. *Brandrup*, 353 Or. at 696. Likewise, the court held in *Niday v. GMAC Mortg., LLC* that a

---

[1] The Oregon Legislative Counsel renumbered ORS § 86.735 as 86.752 in 2013.

4 – ORDER

transaction did not qualify as an assignment of the trust deed for purposes of the recording requirement where the beneficiary/original lender sold the promissory note associated with the trust deed. 353 Or. 648, 660–61 (2013).

The question in this case, then, is whether a valid beneficiary transferred its interest in the trust deed to Payment and, if so, how. For the purposes of the OTDA, the beneficiary of a trust deed is "the lender to whom the obligation that the trust deed secures is owed or the lender's successor in interest. Thus, an entity like MERS, which is not a lender, may not be a trust deed's 'beneficiary,' unless it is a lender's successor in interest." *Brandrup v. ReconTrust Co.*, 353 Or. 668, 689 (2013). Here, Corinthian is the proper beneficiary, not MERS, unless MERS is Corinthian's successor in interest. It is unclear, however, where Payment—and, for that matter, Southbank—fits in. *See* Sims Decl. Ex. F.

Moreover, Oregon law provides that a beneficiary intending to foreclose on a residential trust deed must: (1) request a resolution conference with the grantor; (2) issue a certificate of compliance; and (3) mail a determination of ineligibility for foreclosure avoidance measure explaining the basis for the determination. ORS §§ 86.726, 86.736, and 86.748. In a certificate of compliance dated November 5, 2019, Ms. Davis stated that Plaintiffs never responded to any of SN Servicing's correspondence. Sims Decl. Ex. C, at 1. Plaintiffs emailed SN Servicing on October 9 and 24, 2019. Sims Decl. Ex. D. Ms. Davis responded on October 29, 2019, stating that she received two letters from Shannon Sims but no confirmation that Mr. Milburn retained Ms. Sims and, as such, was unable to respond to Ms. Sims's request. Sims Decl. Ex. E.

Plaintiffs raise serious questions regarding Payment and Southbank as well as Defendants' communications with Plaintiffs. *See Los Angeles Mem'l Coliseum Comm'n*, 634 F.2d at 1200–01 (citation omitted). Further, Plaintiffs are at risk of losing their home, which

5 – ORDER

would cause them financial and other hardships. Defendants, on the other hand, can reschedule the foreclosure sale if, upon further review, the Court determines it is lawful. The balance of hardships tips sharply in Plaintiff's favor. *See id.* (citation omitted).

## **CONCLUSION**

Because Plaintiffs raise serious questions as to Defendants' right to foreclose and the balance of hardships tips sharply in Plaintiffs' favor, their Motion for Temporary Restraining Order (ECF No. 3) is GRANTED. This conclusion is not a ruling on the merits of Plaintiffs' claims. *See Sierra On-Line, Inc.*, 739 F.2d at 1422.

IT IS SO ORDERED.

DATED this 30th day of January, 2020.

<u>/s/ Michael McShane</u>
Michael McShane
United States District Judge