IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**LAMONT MILBURN** and **DEBORAH C. MILBURN-LEE**,

                Plaintiffs,

v.

**SN SERVICING, LLC**, **PARTNERS FOR PAYMENT RELIEF DE IV, LLC**, **CORINTHIAN MORTGAGE CORPORATION** dba Southbanc Mortgage, **DARREN J. DEVLIN, ESQ.**, **DONNA DAVIS**, and **LAW OFFICES OF JASON C. TATMAN, P.C.**,

                Defendants.

Case No. 6:20-cv-00107-MC

OPINION & ORDER

MCSHANE, Judge:

Plaintiffs Lamont Milburn and Deborah C. Milburn-Lee bring this claim for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Oregon Unlawful Debt Collection Practices Act ("UDCPA"), ORS § 649.639 *et seq*. Pls.' Compl. 1–2, ECF No. 1. Defendant SN Servicing moves for summary judgment. Def.'s Mot., ECF No. 33. Because Plaintiffs have shown there are genuine disputes of material fact, Defendant's Motion for Summary Judgment (ECF No. 33) is DENIED.

1 – OPINION AND ORDER

## BACKGROUND[1]

Plaintiffs executed a Deed of Trust on September 27, 2007 as part of a second mortgage on their home at 435 Crona St., Junction City, Oregon 97448. Pls.' Compl. ¶ 9. SN servicing was the servicer of the mortgage and sought to foreclose when Plaintiffs fell behind on their payments. Pls.' Compl. ¶ 10; Pls.' Resp. 4, ECF No. 43. Through counsel, Plaintiffs maintained contact with Defendant in an attempt to resolve the issues. Pls.' Compl. ¶ 10; Pls.' Resp. 4.

On November 2, 2018, Defendant sent Plaintiffs a notice that their mortgage was past due. Labreque Decl. Ex. 2, ECF No. 49. On February 12, 2019, Defendant sent Plaintiffs a notice about loss mitigation options. *Id*. These notices were sent to Plaintiffs each individually at both their home address and their PO Box. *Id*.

Plaintiffs enlisted an attorney, Shannon Sims, to help them resolve these issues. Pls.' Compl. ¶ 14. Ms. Sims faxed an authorization letter to SN Servicing in April 2019 and received documents in return from them. Sims Decl. ¶ 6, ECF No. 45; Sims Decl. Ex. D.

On September 18, 2019, Darren Devlin, an attorney acting as trustee, filed a Notice of Default and Election to Sell. Pls.' Compl. ¶ 11. Ms. Sims sent a letter to SN Servicing on October 9, 2019, indicating Plaintiffs' continued desire to resolve the issues and asking for a copy of the deed of trust. Sims Decl. Ex. B, at 2. Ms. Sims sent another letter on October 24, 2019, again asking to speak with someone to resolve the issues. Sims Decl. Ex. B, at 1. On October 29, 2019, Donna Davis, Asset Manager at SN Servicing, emailed Ms. Sims, acknowledging receipt of the two letters, but stating that she did not have the authorization from

---

[1] The Court views the facts in the light most favorable to Plaintiff.

2 – OPINION AND ORDER

Mr. Milburn to speak with Ms. Sims. Sims Decl. Ex. C. Ms. Sims replied on October 30, 2019, attaching the authorization that she had previously provided in April. Sims Decl. Ex. D.

On November 5, 2019, Plaintiffs were served a Foreclosure Avoidance Measure Notice ("FAMN"). Sims Decl. Ex. A. The FAMN, which was signed by Ms. Davis, stated that Plaintiffs were not eligible for any foreclosure avoidance measures because "Borrower has never responded to any correspondence that SN has issued." *Id*. The nonjudicial foreclosure was set for February 3, 2020. *Id*.

Plaintiffs filed this lawsuit on January 17, 2020 and moved for a temporary restraining order and preliminary injunction on January 22, 2020. Pls.' Mot., ECF No. 3. This Court granted the temporary restraining order, enjoining the nonjudicial foreclosure, on January 30, 2020. Order, ECF No. 10. On February 3, 2020, Mr. Devlin reset the nonjudicial foreclosure for March 9, 2020. Sims Decl. ¶ 7. This Court entered a preliminary injunction on March 6, 2020, enjoining Defendants from seeking nonjudicial foreclosure on the home until a final decision on the merits or further order from the Court. Order, ECF No. 16. On March 9, 2020, Mr. Devlin reset the nonjudicial foreclosure for April 13, 2020. Sims Decl. ¶ 10.

## STANDARDS

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v.*

3 – OPINION AND ORDER

*Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

### I.   FDCPA

Plaintiffs allege violations of several provisions of the FDCPA. "In enacting the FDCPA, Congress sought to counter the abusive, deceptive and unfair debt collection practices sometimes used by debt collectors against consumers." *Turner v. Cook*, 362 F.3d 1219, 1226 (9th Cir. 2004); *see* 15 U.S.C. § 1692. As the FDCPA is a remedial statute, it should be interpreted liberally. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1025 (9th Cir. 2012). "The FDCPA precludes debt collectors from implementing unlawful debt collection tactics against consumers." *Slenk v. Transworld Sys.*, 236 F.3d 1072, 1074 (9th Cir. 2001). Threshold issues include whether the plaintiff is a consumer, whether the debt is a consumer debt, and whether the defendant is a debt collector under the meaning of the FDCPA. *Turner*, 362 F.3d 1226–27; *Romine v. Diversified Collection Servs.*, 155 F.3d 1142, 1145 (9th Cir. 1998). SN Servicing concedes that, for purposes of the FDCPA, Plaintiffs are consumers and SN Servicing is a debt collector attempting to collect a consumer debt. Def.'s Mot. 4.

Plaintiffs allege that Defendant's actions violated 15 U.S.C. § 1692d. § 1692d provides that "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." In the Ninth Circuit, claims under § 1692d are evaluated using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007) ("If the least sophisticated

debtor would 'likely be misled' by a communication from a debt collector, the debt collector has violated the Act.") Thus, whether or not a debt collector's actions are abusive, oppressive, or harassing must be viewed not from a reasonable consumer's standpoint, but from the least sophisticated consumer's standpoint. *See also Jeter v. Credit Bureau*, 760 F.2d 1168, 1179 (11th Cir. 1985) (adjusting the "least sophisticated debtor" standard for claims under § 1692d to view claims "from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse").

Plaintiffs argue that the FAMN was "on its face abusive." Pls.' Resp. 8. Although Plaintiffs' counsel had attempted to contact SN Servicing multiple times, the FAMN informed Plaintiffs that because they had "never responded to any correspondence," their house was set for nonjudicial foreclosure. It was only six days after communicating with Plaintiffs' counsel that Ms. Davis signed the FAMN that seemed to disregard any efforts Plaintiffs had made to resolve the issues. Mr. Milburn found the FAMN to be abusive, as it "implie[d] that [he] was not taking required steps to save [his] home." Milburn Decl. ¶ 8, ECF No. 44.

Defendant argues that this wording on the FAMN referred solely to the letters regarding loss mitigation options and that Plaintiffs never responded specifically to those letters, nor did they file any loss mitigation application or request for loan modification. Def.'s Reply 2. But the least sophisticated debtor could not be expected to understand that when SN Servicing said "any correspondence," they meant specifically the notices regarding loss mitigation options. A reasonable jury could find that Defendant's actions here were abusive in violation of § 1692d.

Plaintiffs also allege that Defendant violated 15 USC § 1692f, which states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." These means include, but are not limited to, "[t]aking or threatening to take any nonjudicial

5 – OPINION AND ORDER

action to effect dispossession or disablement of property… [when] there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A).

Despite the temporary restraining order and the subsequent preliminary injunction, the trustee reset the nonjudicial foreclosure twice. Defendant maintains that they did not seek any postponements of the sale. Labreque Decl. ¶ 4, ECF No. 35. Defendant further argues "[b]ut for the preliminary injunction, Defendants would have and could have conducted a perfectly valid nonjudicial foreclosure." Def's Reply 4. Even if this is true, the nonjudicial foreclosure was reset twice while Defendant did not have the present right to possession of the property. This discrepancy is a genuine issue of material fact appropriate for a jury to decide.

Because Plaintiffs raise genuine disputes of material fact, Defendant's Motion for Summary Judgment on Plaintiffs' FDCPA claim is DENIED.

## II.     Oregon UDCPA

Plaintiffs also allege that Defendant's actions violated Oregon's UDCPA. Oregon enacted the UDCPA "to prohibit debt collectors from using specific abusive practices." *Lyon v. Chase Bank United States, N.A.*, 656 F.3d 877, 880 (9th Cir. 2011). Specifically, Plaintiffs allege a violation of ORS § 646.639(2)(k), which states that "[a] debt collector engages in an unlawful collection practice if the debt collector, while collecting or attempting to collect a debt… [a]ttempts or threatens to enforce a right or remedy while knowing or having reason to know that the right or remedy does not exist." Or. Rev. Stat. § 646.639(2)(k). As noted above, despite the temporary restraining order and preliminary injunction, the nonjudicial foreclosure was reset twice. A reasonable jury could find that in doing so, Defendant attempted to seek a remedy that it knew or should have known it did not have the right to seek.

Defendant's Motion for Summary Judgment on Plaintiffs' UDCPA claim is DENIED.

## CONCLUSION

Defendant's Motion for Summary Judgment (ECF No. 33) is DENIED.

IT IS SO ORDERED.

DATED this 4th day of February, 2021.


                                                  /s/ Michael J. McShane  
                                                    Michael McShane  
                                              United States District Judge